IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL JASPER, | ) | 8:09CV90 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS COUNTY | ) | **MEMORANDUM** |
| DEPARTMENT OF | ) | **AND ORDER** |
| CORRECTIONS, DR. THOMAS | ) | |
| GENSLER, NEBRASKA MEDICAL | ) | |
| CENTER, and DR. MARK | ) | |
| DIETRICH, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on March 12, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on March 12, 2009, against the Douglas County Department of Corrections ("DCC"), the Nebraska Medical Center ("NMC") and two individuals. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently confined in the Nebraska State Penitentiary in Lincoln, Nebraska. (*Id*. at CM/ECF pp. 1, 36.)

Condensed and summarized, Plaintiff alleges that he injured his foot on March 9, 2008, and was diagnosed with a ruptured achilleas tendon on March 18, 2008. (*Id*. at CM/ECF p. 5.) After this diagnosis, Defendant Dietrich recommended that Plaintiff undergo surgery and warned Plaintiff that a delay could compromise the ultimate result of the surgery. (*Id*. at CM/ECF pp. 5, 14.) Despite this warning,

Defendants DCC and Gensler delayed Plaintiff's operation until April 14, 2009. (*Id*. at CM/ECF p. 5.) Plaintiff alleges that Defendants DCC and Gensler were "deliberately indifferent when they intentionally and/or recklessly prolonged and delayed [his] treatment." (*Id*. at CM/ECF p. 7.)

Plaintiff also alleges that Defendant Dietrich committed medical malpractice. (*Id*.) During Plaintiff's surgery, Defendant Dietrich discovered that Plaintiff's achilleas tendon was not ruptured, so he only removed scar tissue from the injured area. (*Id*. at CM/ECF pp. 5-6.) After this unnecessary surgery Plaintiff began feeling numbness in his foot. (*Id*. at CM/ECF p. 6.) He went to see a Neurologist who suggested that the numbness may have been caused by a severed nerve. (*Id*.)

Because of the intentional delay in treatment and the unnecessary surgery, Plaintiff has experienced mental stress, discomfort, pain and suffering. (*Id*.) Plaintiff seeks monetary relief in the amount of $2,000,000.00. (*Id*. at CM/ECF p. 8.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v.*

2

*Gibson,* 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

  A. Plaintiff's Claims Against Douglas County Department of Corrections

Plaintiff names the DCC as a Defendant in this matter. (Filing No. 1 at CM/ECF p. 1.) The court liberally construes claims against DCC as claims against Douglas County. As a municipal defendant, Douglas County may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff alleges that Defendant DCC "intentionally and/or recklessly prolonged and delayed [his] treatment." (Filing No. 1 at CM/ECF p. 7.) However, Plaintiff does not allege that DCC has a custom or practice of prolonging inmate treatment. In addition, Plaintiff did not allege that a DCC practice was the moving force behind his injury, or that the municipality's policy-making officials received notice of the alleged misconduct. As such, Plaintiff has not alleged sufficient facts to "nudge" his claim against Defendant Douglas County across the line from conceivable to plausible under the *Jane Doe* standard.

However, on its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to clearly state a claim upon which relief can be granted against Defendant Douglas County and to sufficiently allege a claim in accordance with the *Jane Doe* standard. Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims.

4

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's claims against Douglas County will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### B. Plaintiff's Eighth Amendment Claim

Plaintiff also asserts an Eighth Amendment claim relating to his medical care. A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle,* 429 U.S. at 103-104).

Here, Plaintiff alleged that he was diagnosed with a ruptured achilleas tendon. (Filing No. 1 at CM/ECF p. 5.) In addition, Plaintiff alleged that Defendants were "deliberately indifferent when they intentionally and/or recklessly prolonged and delayed" treatment for this ankle injury. (*Id*. at CM/ECF p. 7.) Regardless of whether Plaintiff's achilleas tendon was ruptured or not, the court will assume for the purposes of this Memorandum and Order that Plaintiff's ankle injury was a serious medical need. Accordingly, Plaintiff's allegations "nudge" his Eighth Amendment claim across the line from conceivable to plausible. As a result, Plaintiff's Eighth Amendment claim against Defendant Gensler may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's

claims or potential defenses thereto. Because the court has granted Plaintiff 30 days to amend his Complaint, summonses will not be issued for these claims until Plaintiff has had an opportunity to amend his Complaint in accordance with this Memorandum and Order.

### C. State Law Claims

Plaintiff also alleges medical malpractice claims against Defendants NMC and Dietrich. (*Id*. at CM/ECF pp. 5-7.) These claims may also proceed. Again, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto. Because the court has granted Plaintiff 30 days to amend his Complaint, summonses will not be issued for these claims until Plaintiff has had an opportunity to amend his Complaint in accordance with this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Eighth Amendment medical claim against Defendant Gensler and his state law claims against Defendants NMC and Dietrich may proceed. However, no summonses will be issued until Plaintiff has an opportunity to amend his Complaint in accordance with this Memorandum and Order.

2. Plaintiff shall have until **June 14, 2009**, to amend his Complaint to properly allege a claim against Defendant Douglas County. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Douglas County will be dismissed without further notice for failure to state a claim upon which relief may be granted, and summonses will be issued for Plaintiff's Eighth Amendment and state law claims only, in accordance with this Memorandum and Order.

6

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **June 14, 2009**.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

May 15, 2009.                               BY THE COURT:

                                            *s/Richard G. Kopf*
                                            United States District Judge