IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL JASPER, | ) | 8:09CV90 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DR. THOMAS GENSLER, | ) | |
| NEBRASKA MEDICAL CENTER, | ) | |
| and DR. MARK DIETRICH, | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on Defendants' Motions to Dismiss (filing nos. 18, 23, and 26) and Plaintiff's Motions for Default Judgment (filing nos. 22 and 31). As set forth below, all of these Motions are denied.

### I. Defendants' Motions to Dismiss

    On May 15, 2009, the court conducted a detailed initial review of Plaintiff's claims. (Filing No. 7.) In that Memorandum and Order, the court liberally construed Plaintiff's Complaint and determined that Plaintiff had set forth enough allegations to "nudge" his Eighth Amendment claim against Defendant Thomas Gensler, M.D. ("Gensler") "across the line from conceivable to plausible," the same standard used to resolve a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted); *see also Burke v. North Dakota Dep't of Corr. and Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (holding that a pro se complaint must be construed liberally). The court also determined that Plaintiff's state-law medical malpractice claims against Defendants University of Nebraska Medical Center ("UNMC") and Mark Dietrich, M.D. ("Dietrich") could proceed. (Filing No. 7.)

Rather than file answers, Defendants filed three Motions to Dismiss, each arguing that Plaintiff's Complaint fails to state a claim upon which relief may be granted. Additionally, UNMC and Dietrich argue that, because Plaintiff's § 1983 claim fails on its face, the court lacks subject matter jurisdiction over Plaintiff's medical malpractice claims. (Filing Nos. 19 and 25.) The court, in its detailed initial review, already determined that Plaintiff had set forth enough allegations to nudge both his Eighth Amendment claim and his state-law medical malpractice claims across the line from conceivable to plausible.[1] (Filing No. 7.) *See Bell Atlantic Corp. v. Twombly*, 550 U.S. at 569-70. Thus, although Plaintiff's claims may ultimately not withstand a motion for summary judgment, they are enough to withstand a Motion to Dismiss. Accordingly, Defendants' Motions to Dismiss are denied.

## *II. Plaintiff's Motions for Default Judgment*

In his Motions for Default Judgment, Plaintiff has alleged that UNMC and Dietrich failed to timely answer or otherwise respond to Plaintiff's Complaint. (Filing Nos. 22 and 31.) However, Plaintiff is incorrect. Both UNMC and Dietrich timely filed their Motions to Dismiss. As such, Plaintiff's Motions for Default Judgment are denied.

---

[1]The court has supplemental jurisdiction over Plaintiff's medical malpractice claims. 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that the form part of the same case or controversy under Article III of the United States Constitution. . . ."). The court sees no reason to decline the exercise of supplemental jurisdiction at this time, but may do so in the future.

IT IS THEREFORE ORDERED that:

1.	Defendants' Motions to Dismiss (filing nos. 18, 23, and 26) are denied without prejudice to reassertion in a motion for summary judgment.

2.	In accordance with Federal Rule of Civil Procedure Rule 12(a)(4)(A), Defendants shall file their answer no later than 14 days from the date of this Memorandum and Order.

3.	A separate progression order will be entered progressing this matter to final disposition.

4.	Plaintiff's Motions for Default Judgment (filing nos. 22 and 31) are denied.

February 26, 2010.	BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.