IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MICHAEL JASPER,                          )                    8:09CV90
                                         )
                    Plaintiff,           )
                                         )
              v.                         )          **MEMORANDUM**
                                         )          **AND ORDER**
DR. THOMAS GENSLER,                      )
NEBRASKA MEDICAL CENTER,                 )
and DR. MARK DIETRICH,                   )
                                         )
                    Defendants.          )

Pending before the court are Defendants Dr. Mark Dietrich ("Dietrich"), Dr. Thomas Gensler ("Gensler"), and Nebraska Medical Center's ("NMC") Motions for Summary Judgment.  (Filing Nos. 46, 52, and 55.)  As set forth below, Gensler's Motion for Summary Judgement is granted, and the court declines to exercise supplemental jurisdiction over Plaintiff Michael Jasper's ("Jasper") state-law claims against Dietrich and NMC .

## I.   BACKGROUND

Jasper filed his Complaint in this matter on March 12, 2009.  (Filing No. 1.) Liberally construed, Jasper's Complaint alleges claims against Gensler brought pursuant to 42 U.S.C. § 1983, and also state-law medical malpractice claims against Dietrich and NMC.  (Filing No. 1 at CM/ECF pp. 4-7.)  On May 15, 2009, the court conducted a detailed initial review of Jasper's claims. (Filing No. 7.)   In that Memorandum and Order, the court liberally construed Jasper's Complaint and determined that Jasper had set forth enough allegations to "nudge" an Eighth Amendment claim against Gensler "across the line from conceivable to plausible." (Filing No. 7 at CM/ECF p. 6.)  The court also determined that Jasper's state-law medical malpractice claims against NMC and Dietrich could proceed.  (*Id.*)

Thereafter, Defendants filed Motions to Dismiss (filing nos. 18, 23, and 26), which the court denied without prejudice to reassertion in a Motion for Summary Judgment. (Filing No. 39 at CM/ECF p. 3.)  Defendants have each filed Motions for Summary Judgment.  (Filing Nos. 46, 52, and 55.)  However, as set forth below, the court declines to exercise supplemental jurisdiction over Jasper's state-law claims against NMC and Dietrich, and so the court here focuses its analysis on Gensler's Motion for Summary Judgment.

Gensler filed his Motion for Summary Judgment on August 3, 2010.  (Filing No. 55.)  Along with his Motion, Gensler filed an Index of Evidence and Brief in support of Motion for Summary Judgment.  (Filing Nos. 56 and 57.)  Jasper did not file an opposition brief or any other response to Gensler's Motion.  (*See* Docket Sheet.)

The Federal Rules of Civil Procedure and the court's local rules require that evidence in support of a motion for summary judgment be authenticated by affidavit. NECivR 7.0.1(b)(2)(C); *see also Stuart v. General Motors Corp.*, 217 F.3d 621, 636 n.20 (8th Cir. 2000) ("To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed. R. Civ. P. 56(e). Documents which do not meet those requirements cannot be considered.").

Additionally, the party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts about which the moving party contends there is no genuine issue to be tried and that entitles the moving party to judgment as a matter of law."  NECivR 56.1(a)(1).  If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts."  NECivR 56.1(b)(1).  Such response must "address each numbered paragraph in the movant's statement" of facts and must

2

contain pinpoint citations supporting the opposition. *Id.* "Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." *Id.*

The court has carefully reviewed the documents submitted by all of the parties. While Gensler submitted a statement of material facts in accordance with the court's rules, Jasper did not. Further, Gensler submitted evidence that was properly authenticated by affidavit. Jasper submitted no evidence. In light of this, the court adopts the following undisputed material facts, all of which were set forth by Gensler in his brief.

## II. RELEVANT UNDISPUTED FACTS

1.    Jasper was a prisoner confined at the Douglas County Correctional Center ("DCCC").

2.    Gensler is a physician licensed to practice medicine in the State of Nebraska. He was employed by Correct Care Solutions, a private organization that contracts with DCCC to provide medical services to inmates at the time of Jasper's claims.

3.    On March 9, 2008, Jasper injured his foot and was transported to NMC within an hour after the injury occurred. Jasper was diagnosed with having a left Achilles tendon rupture. Jasper's foot was placed in a splint and he was told not to bear any weight on that foot until the injury could be reevaluated.

4.    On March 10, 2008, Gensler approved crutches for Jasper and discharged Jasper from the DCCC medical infirmary to the general population.

5.     On March 11, 2008, Gensler authorized that Jasper be sent to NMC to see an orthopedic surgeon.  On March 14, 2008, a follow-up appointment was scheduled for Jasper on March 18, 2008 with an orthopedic surgeon at NMC.

6.     On March 18, 2008, Jasper's earlier diagnosis was confirmed as an Achilles tendon rupture by Dr. Dietrich, a NMC surgeon and a named defendant in this lawsuit.

7.     Dr. Dietrich recommended that the injury be treated surgically, but noted that the injury could be treated non-operatively.  Jasper opted to receive surgery on his foot to repair his Achilles tendon.  Dr. Dietrich ordered preoperative labs, a chest xray, and an EKG for Jasper, which would be performed by the medical personnel at DCCC.  Jasper's surgery was scheduled for March 20, 2008.

8.     On March 20, 2008, Jasper's EKG came back abnormal and his surgery was cancelled.  Dr. Dietrich concluded more tests were needed prior to surgery, including a dobutamine stress echocardiogram, a fasting lipid with complete metabolic profile, and a cardiac stress test.

9.     On March 21, 2008, Gensler approved Jasper to receive a dobutamine stress test.

10.     On March 28, 2008, Jasper's fasting lipid profile was taken.  On April 2, 2008, Jasper had a cardiac stress test.  After obtaining the results from these tests, Jasper was cleared for surgery and Jasper's surgery was scheduled.

11.     On April 14, 2008, Jasper was admitted to NMC for surgery and surgery was performed on Jasper's Achilles tendon.

12.     On April 28, 2008, Jasper learned that his Achilles tendon had not ruptured or torn.

13.     In his Complaint, Jasper alleges that following the surgery on April 14, 2008, he began to feel some discomfort in his foot, the swelling in his foot did not go down, and the foot was numb.  Jasper further alleges that the numbness and swelling in his foot and Achilles tendon is the result of a cut nerve.

(Filing No. 57 at CM/ECF pp. 3-6.)

## III.  ANALYSIS

### A.    Standard of Review

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. Pro. 56(c)*. *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994).  It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue.  *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999).  In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion.  *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate allegations with "'sufficient probative evidence [that] would permit a finding in [the nonmoving party's] favor on more than mere speculation, conjecture, or fantasy.' " *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere

scintilla of evidence is insufficient to avoid summary judgment." *Id.*  Essentially, the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### B.    Gensler's Motion for Summary Judgment

Gensler seeks summary judgment in his favor because Jasper has failed to submit any evidence that Gensler was deliberately indifferent to Jasper's serious medical needs.  (Filing No. 57 at CM/ECF pp. 12-13.)

To sustain a claim under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The plaintiff must allege and show that he suffered objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn*, 491 F.3d 394 (8th Cir. 2007).  "[S]ociety does not expect that prisoners will have unqualified access to health care."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle*, 429 U.S. at 103-104).   However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Estelle*, 429 U.S. at 106; *see also Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993) ("Disagreement with a medical judgment is not sufficient to state a claim for deliberate indifference to medical needs.").

A "serious" medical need must be either obvious to a layperson or supported by medical evidence, such as a physician's diagnosis. *Roberson v. Bradshaw*, 198

6

F.3d 645, 648 (8th Cir. 1999). Further, the failure to diagnose and treat a medical condition "does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge. As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citations omitted).

Here, Jasper has failed to allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *See Estelle*, 429 at 106. Notably, the only allegation Jasper makes about Gensler in his Complaint is that "[o]n April 15, 2008 the County Physician Dr. Gensler visited the Plaintiff and stated that the surgery was done for nothing, that the Plaintiff did not have a ruptured tendon and that he never did." (Filing No. 1 at CM/ECF p. 5.) Jasper failed to allege in his Complaint how this statement amounts to deliberate indifference. Further, Jasper did not submit any evidence to support any allegation against Gensler.

Moreover, the undisputed facts show that, to the extent Gensler was involved in treating Jasper's injury, Gensler provided timely and adequate care. Within days of Jasper's injury, Gensler approved crutches for Jasper, Gensler authorized for Jasper to be treated at NMC by an orthopedic surgeon, and Gensler approved various pre-operative tests for Jasper. (Filing No. 56 at CM/ECF p. 4.) In light of these facts, and because there is no evidence that Gensler acted with deliberate indifference toward Jasper's medical needs, the court grants summary judgment in favor of Gensler.

## C.   Jasper's State-Law Claims

The court declines to exercise supplemental jurisdiction over Jasper's medical malpractice claims against Dietrich and NMC because it has dismissed all claims over

which it had original jurisdiction. 28 U.S.C. § 1367(c)(3).  However, the court will dismiss Jasper's claims against Dietrich and NMC without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1.      Gensler's Motion for Summary Judgment (filing no. 55) is granted.  All claims contained in Jasper's Complaint against Gensler are dismissed with prejudice.

2.      Jasper's claims against Dietrich and NMC are dismissed without prejudice to reassertion in the proper forum.

3.      A separate judgment will be entered in accordance with this Memorandum and Order.

4.      Pending motions (filing nos. 46, 52, 58, 59, and 60) are denied as moot in accordance with this Memorandum and Order.

DATED this 21st day of October, 2010.

BY THE COURT:

*Richard G. Kopf*

United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.